DECISION OF DISMISSAL
Plaintiff appealed the assessment of property, identified by Account 411618, for the 2008-09 tax year. Defendant moved to dismiss, arguing that Plaintiff is not aggrieved because maximum assessed value (MAV) is calculated according to statute.
The court addressed the dismissal request with the parties at the April 13, 2009, case management conference. After some discussion, Plaintiff agreed that dismissal was in order because the critical year for challenging MAV and assessed value (AV) was 2007-08, the year the property was first placed on the rolls as a separate buildable lot. Defendant established the tax year 2007-08 MAV by multiplying the $327,000 real market value (RMV) by the applicable change property ratio[1] of 0.477, resulting in an MAV of $155,980. See, e.g., ORS 308.149(5)[2] (defining "[n]ew property or new improvements" to property); ORS308.153(1) (providing for determination of MAV for new property). Plaintiff does not dispute the critical value, which is the $327,000 RMV, because he paid $327,500 for the property on May 5, 2006, roughly eight months before the applicable assessment date for the 2007-08 tax year. However, Plaintiff subsequently attempted to revoke his dismissal request, by phoning the court and advising that *Page 2 
he wished the matter to go forward to trial with his appeal of another property (TC-MD No 090154C). Plaintiff was asked to put that request in writing and, to date, he has not done so. Regardless whether Plaintiff can, and has, effectively revoked his request for dismissal, the case must be dismissed.
On the facts of this case, there is simply no statutory authority for Plaintiff's approach of reducing MAV and AV in 2008 (2008-09 tax year) by applying Defendant's 2007-08 changed property ratio of 0.477 by the 2008-09 real market value (RMV). Tax year 2007-08 was the base year for establishing the property's MAV and that value is simply increased three percent for the 2008-09 tax year in accordance with ORS 308.146(1). Accordingly, dismissal is in order. Now, therefore,
IT IS ADJUDGED that Plaintiff's appeal is dismissed.
Dated this _____ day of May 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on May 5, 2009.The Court filed and entered this document on May 5, 2009.
[1] The "change property ratio" is the average maximum assessed value over the average real market value for the applicable assessment year. ORS 308.153(1).
[2] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1